does not sanction the conclusion that the sureties in the limits bond would not be liable if Williamson had failed to return within the limits, as soon as practicable, after he was free to do so.

The proposition on which we think the judgment should be affirmed is, that at the time this action was commenced Williamson was off the limits, not by any act or agency of his own, but compulsorily by process and authority of law. That his being so off was no more an escape than if he had been at the time removed and held by *habeas corpus ad testificandum*, as in Hassam *a.* Griffin (18 *Johns.*, 48), or by force of a valid judicial order, as in Fuller *a.* Davis (1 *Gray*, 612).

Judgment affirmed.

---

### BUCKINGHAM *a.* ANDREWS.

*Supreme Court, First District; General Term, June,* 1861.

An executor under a will proved in another State, suing upon a note made to his order as executor and indorsed by him in blank, is not the representative of a deceased person within section 399 of the Code, and the adverse party may be examined against him.

Motion for a new trial on exceptions.

The action was brought on several promissory notes made by the defendant, payable to John Buckingham, executor, etc., of J. M. L. Scovill. These notes were indorsed by John Buckingham as executor.

The allegations of the complaint were in the following form: "That the defendant heretofore, at the city of New York, made his promissory note in writing, bearing date the second day of November, 1857, whereby he promised to pay to the order of John Buckingham, executor, etc., of J. M. L. Scovill, deceased, thirty days after the date thereof, the sum of four hundred and twenty-five dollars and ninety-four cents; and the said payee

thereof indorsed the said note to the plaintiff. And although the said note became due and payable before the commencement of this action, yet the defendant has not paid the same. And the plaintiff further says, that he is now the lawful owner and holder of the said note, and that the defendant is justly indebted to him thereupon in the sum of four hundred and twenty-five dollars and ninety-four cents principal, together with interest thereon from the fifth day of December, 1857."

On the trial of the action at the Circuit, the plaintiff produced an exemplified copy of letters-testamentary, issued by a court of probate of the State of Connecticut, and proved the indorsement of the note made by him.

Defendant's counsel moved to dismiss the complaint, on the ground that it was shown that John Buckingham, the plaintiff, was the executor of J. M. L. Scovill, deceased; and in his capacity as executor, he could not, by indorsement, transfer the notes in suit to himself individually, and, therefore, this action could not be maintained in his individual capacity, and that, by such indorsement, he had acquired no title to the notes in suit, as an individual.

The motion was denied, and defendant excepted.

Defendant was then called as a witness in his own behalf; and plaintiffs objected to the examination of the defendant in respect to any transactions had personally between James M. L. Scovill and the defendant, on the ground that the plaintiff was the representative of a deceased person, and, under § 399 of the Code, and the defendant was therefore incompetent as a witness in respect to those transactions.

The court sustained the objection; to which ruling the defendant excepted.

The jury found a verdict for the plaintiff, and the court then directed that a motion for a new trial on the part of the defendant, upon his exceptions, be heard in the first instance at a general term of this court, and that judgment be suspended until such hearing.

*Cummins, Alexander & Green,* for the appellants.

The judge erred in excluding the testimony of the defendant.

I. The suit was not by the plaintiff in his representative ca-

pacity as executor, but in his individual capacity. (Sheldon a. Hoy, 11 *How. Pr.*, 11.) The court had already so decided. The suit could not have been brought by the plaintiff as executor, without taking out letters in this State, the will being proved in Connecticut, and plaintiff residing there. (*Dayton on Surrogates*, 205; Robinson a. Crandall, 9 *Wend.*, 425.)

II. The Code only excludes the testimony of parties to the suit as to transactions with a deceased person, when the party against whom such evidence is sought to be introduced sues in his representative capacity as executor or administrator, etc., of the deceased person. (*Code*, § 399; Merritt a. Seaman, 6 *N. Y.* (2 *Seld.*), 168.)

——————————————, for the respondents.

BY THE COURT.—The plaintiff was not the representative of a deceased person, according to the laws of this State. He could not sue here in a representative capacity, and can only be regarded as the indorsee of the note. The court therefore erred in excluding the witness.

Judgment reversed and new trial ordered; costs to abide event.

———————————————

RASQUIN *a.* THE KNICKERBOCKER STAGE COMPANY.

*New York Common Pleas; General Term, July,* 1861.

DISCONTINUANCE.—ATTORNEY'S LIEN FOR COSTS.

Where a settlement of a pending suit is privately effected between the parties, with the design of preventing the attorney from obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action, that he may thereby secure himself.

The rule is the same though such settlement is made before verdict or judgment.

Where there is collusion between the parties to defeat the attorney's right, the